UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

STEPHEN L. KELLER,

    Petitioner,

v.

DEBORAH HICKEY, Warden,

    Respondent.

Civil Action No. 12-CV-9-JBC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Stephen L. Keller is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Keller has filed an original and an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 7] After he filed his petition, Keller also moved for release on bond pending a determination of the merits of his petition [R. 11], moved for the Court to show cause why he should not request mandamus relief in the Sixth Circuit [R. 16], and requested a hearing on his claims. [R. 17] The Court has reviewed the petition and amended petition,[1] but must deny relief because Keller can not pursue his claims in a habeas corpus proceeding under § 2241. The Court will also

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the court reviews the petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts the petitioner's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

deny Keller's three motions as moot.

**BACKGROUND**

In 2002, Keller and two co-defendants were indicted in this court on charges of conspiracy, mail and wire fraud, and money laundering. The offenses were related to Kelco, Inc., a viatical and life-settlement business which Keller owned. As a viatical company, Kelco purchased life-insurance policies from terminally ill people, particularly HIV patients, for less than the face value of the policies and then re-sold them to investors. In 2003, a jury convicted Keller on all counts of the indictment, and he was sentenced to 168 months of imprisonment. *United States v. Sutherlin*, No. 02-CR-95-KSF (E.D. Ky. 2002). His conviction was affirmed on direct appeal. *United States v. Sutherlin*, 118 F. App'x 911 (6th Cir. 2004). The Sixth Circuit later vacated Keller's sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and remanded the case for re-sentencing. On remand, the court re-sentenced Keller to 120 months of imprisonment, and his new sentence was affirmed on appeal. *United States v. Keller*, 498 F.3d 316 (6th Cir. 2007).

In his original motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Keller asserted that: 1) he was denied a fair trial because the jury instructions were fatally flawed for failing to specify that his obligation, if any, to disclose adverse information to the insurance companies who issued policies to viators was governed by state law under the McCarran-Ferguson Act, rather than by a federal statute, and 2) newly discovered evidence showed that the government's claims were inaccurate and false. *United States v. Keller*, No. 02-CR-95-KSF (E.D. Ky. 2002) [at R. 687].

On November 12, 2010, the court denied Keller's § 2255 motion, rejecting his

claim challenging the jury instructions because Keller had previously raised the McCarran-Ferguson Act "duty to disclose" argument on direct appeal, the Sixth Circuit had rejected it, and he could not re-litigate the claim in his § 2255 motion. *Id.*, at R. 694, pp. 4-5. By separate order, the Court denied Keller a certificate of appealability. *Id.* at R. 701; *United States v. Keller*, 2011 WL 772880 (E.D. Ky. Feb. 28, 2011). The Sixth Circuit affirmed the denial of both Keller's § 2255 motion and his request for a certificate of appealability. *Keller v. United States*, No. 11-5089 (6th Cir. June 23, 2011) (unpublished disposition).

In his original and amended habeas petitions, Keller argues that federal authorities lacked subject matter jurisdiction to prosecute him because state officials, specifically the Kentucky Department of Insurance, had sole authority to prosecute him pursuant to the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, under which the states have assumed primary responsibility for regulating the insurance industry.

Keller further contends that his federal prosecution was inconsistent with a Maryland state court order directing him to take the very actions for which he was criminally prosecuted in this court. [R. 1, pp. 1-2; R. 7-1, p. 1] In support of this argument, Keller attaches a December 4, 2002, order from the Circuit Court for Baltimore City, Maryland [R. 7-4, p. 4] approving a settlement agreement between Kelco and the receiver for Answer Care, an entity which had been in the business of promoting sales of contested viatical life insurance policies. The settlement agreement reveals that the receiver had taken action against Kelco to rescind 75 viatical policies

3

it had issued based on alleged misrepresentations made in the application and on other grounds. [*Id.*, p. 6 ¶ 3]. Kelco denied wrongdoing, but settled the claims by agreeing to pay the Receiver $105,000.00 in three equal installment payments, assisting in the sale of 38 active life insurance policies, and receiving 35 rescinded policies, subject to court approval. [*Id.*, pp. 6-7, ¶ 5]

**DISCUSSION**

In his habeas petition, Keller is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999). By alleging that federal authorities lacked jurisdiction to prosecute him, Keller is challenging the validity of his underlying conviction, but § 2241 is not the mechanism for asserting such challenges. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

However, § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241 if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under §

2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Keller cannot make that showing as to either claim he asserts in habeas petition because he previously and unsuccessfully asserted his argument based on the McCarran-Ferguson Act in both his direct appeal and his § 2255 motion, and because he did not assert his claim based on Maryland state court order in his § 2255 motion, although the facts underlying the latter claim would have been known to Keller when he filed that motion in August 2008. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Keller has not established that as to either claim, his § 2255 remedy was inadequate or ineffective to challenge his conviction.

The only other means of pursuing a claim of actual innocence through the

savings clause of § 2255 is to allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Keller does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or first collateral attack on his conviction. Thus, Keller has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757; *see also Reminsky v. United States*, 2012 WL 1669951 at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect").

For these reasons, Keller may not pursue his claims in a § 2241 habeas corpus proceeding. His petition and amended petition will be denied, and his pending motions will be denied as moot.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1. Keller's petition for a writ of habeas corpus [R. 1] and amended petition for a writ of habeas corpus [R. 7] are **DENIED.**

2. Keller's motions requesting release on bond pending a determination of the merits of his petition [R. 11]; asking the Court to show cause why he should not

request mandamus relief in the Sixth Circuit [R. 16]; and requesting a hearing on his claims [R. 17] are **DENIED AS MOOT.**

    3.    The Court will enter an appropriate judgment.

Signed on September 17, 2012



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY